UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROBERT P. MADIGAN,

        Plaintiff,                                      19 Civ. 5725 (AEK)

  -against-                                       **DECISION AND ORDER**

KILOLO KIJAKAZI,[1]
ACTING COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
------------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Currently before the Court is Plaintiff Robert P. Madigan's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF Nos. 44-46. For the reasons set forth below, the motion is GRANTED IN PART.

BACKGROUND

      Plaintiff filed an application for disability insurance benefits in May 2012, with a claimed disability onset date of December 13, 2011. *See* ECF No. 42 (Decision and Order ("D&O")) at 2. Following the initial denial of his claim by the Social Security Administration ("SSA"), Plaintiff retained the services of Aba Heiman, Esq., a now-retired partner from the law firm of Fusco, Brandenstein & Rada, P.C. ECF No. 46 ("Mem. in Supp.") at 2; *see* ECF No. 46-2 ("Retainer Agreement"). The Retainer Agreement provides for Fusco, Brandenstein & Rada, P.C. to receive a contingency fee of 25 percent "of all past-due benefits payable as a result of a favorable determination." Retainer Agreement § I.D; *see also id.* § XII, "Federal Court Appeals"

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi has been substituted as the Defendant in this action.

("I also understand that at the favorable conclusion of my case, if and when benefits are awarded, my attorney will apply for a fee of up to 25% of all past due benefits to me and my auxiliaries, subject to approval of the United States District Court, which may approve or modify said fee request as it deems appropriate.").

Plaintiff requested a hearing before an administrative law judge ("ALJ"), and ALJ Michael A. Rodriguez determined, in a decision dated September 13, 2013, that Plaintiff was not entitled to benefits. D&O at 2. On January 6, 2015, the SSA Appeals Council denied Plaintiff's request for review of the ALJ's decision. Mem. in Supp. at 2; *see* D&O at 2-3. Thereafter, Plaintiff sought judicial review of the ALJ's decision by filing a lawsuit in this District. *See Madigan v. Commissioner of Social Security*, No. 15-cv-773 (CM) (FM) (S.D.N.Y.) ("2015 Action"). On October 2, 2015, pursuant to the parties' stipulation, that case was remanded to the Commissioner for further administrative proceedings. 2015 Action, ECF Nos. 11-12. Upon remand, a second administrative hearing was held before ALJ Dennis G. Katz on July 20, 2017, and on November 1, 2017, ALJ Katz issued a decision finding that Plaintiff was not entitled to benefits. *See* D&O at 3. On April 22, 2019, the Appeals Council issued a determination finding that Plaintiff's exceptions to ALJ Katz's decision had no merit, which made ALJ Katz's November 1, 2017 decision the final decision of the Commissioner. *Id.* By that time, Mr. Heiman had retired, and Plaintiff's representation was turned over to Victor Fusco, Esq., Mr. Heiman's law partner. Mem. in Supp. at 3.

Plaintiff filed the complaint in this action on June 19, 2019, ECF No. 1, and filed a motion for judgment on the pleadings on August 27, 2020, ECF No. 33. After receiving Plaintiff's brief, on October 1, 2020, counsel for the Commissioner offered to stipulate to remand the case again for further administrative proceedings, but Plaintiff's counsel declined, and

1

instead pressed forward with the argument that Plaintiff should be awarded benefits by this Court. Mem. in Supp. at 3; ECF No. 47 ("Def.'s Resp.") at 6. In response to Plaintiff's motion for judgment on the pleadings, the Commissioner filed a cross-motion to remand the matter for further administrative proceedings on November 6, 2020. ECF Nos. 36-37. Plaintiff filed his opposition to the motion to remand and his reply in further support of his motion for judgment on the pleadings on November 12, 2020, ECF No. 38, and the Commissioner filed her reply brief on November 18, 2020, ECF No. 39. On March 29, 2022, this Court issued a Decision and Order granting the Commissioner's motion to remand and denying Plaintiff's motion for judgment on the pleadings, and accordingly the matter was remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 42-43. Following the second remand, and after additional administrative hearings, ALJ Katz issued a fully favorable decision awarding benefits to Plaintiff on March 28, 2023. ECF No. 44-2.

The SSA issued a notice of award ("NOA") to Plaintiff on April 25, 2023, setting forth the benefits he would be receiving. ECF No. 44-1. The NOA indicated that the SSA had withheld 25 percent of the past-due benefits—a total of $38,942.25—to pay fees due to Plaintiff's attorney. *Id.* at 3. The SSA sent a copy of the NOA to Mr. Fusco as well. ECF No. 44-1 at 5.

On May 10, 2023, Mr. Fusco filed the instant motion, seeking $27,000 in attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 44.[2] Mr. Fusco filed a second motion pursuant to Section 406(b) on May 12, 2023, seeking $9,720 in attorney's fees for work performed in connection with the 2015 Action. *See* 2015 Action, ECF No. 18. On May 25, 2023, the

---

[2] Mr. Fusco filed a supplemental submission on May 11, 2023, ECF No. 45, but due to a docketing error, counsel re-filed it, in a slightly revised form, on May 12, 2023, ECF No. 46.

Commissioner filed a response in this action in her limited role "resembling that of a trustee for the claimant[]." Def.'s Resp. at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (quotation marks omitted)).  The Commissioner did not take a specific position with respect to the fee request, and instead "defer[red] to the Court to determine a reasonable award in light of the considerations outlined[]." *Id.* at 8.

## DISCUSSION

### I.     Legal Standard

"Three statutes authorize attorney's fees in social security actions.  42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the [Equal Access to Justice Act] provides additional fees if the Commissioner's position was not 'substantially justified.'"[3] *LaFrance v. Saul*, No. 17- cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019).  Pursuant to Section 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).

---

[3] The Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") provides that "a court shall award to a prevailing party . . . fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

3

## II.     Analysis

### A.     Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period for seeking attorney's fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fee applications under 42 U.S.C. § 406(b); the filing period runs from the date on which the NOA is received, and the period may also be subject to equitable tolling. 932 F.3d 83, 85 (2d Cir. 2019); *see also id.* at 89 n.5 (there is a presumption that communications are received three days after mailing). Here, the NOA is dated April 25, 2023; Plaintiff's counsel asserts that he received the NOA on May 1, 2023; and the motion for attorney's fees was filed nine days later, on May 10, 2023. *See* ECF No. 44. Accordingly, the motion was timely filed.[4]

### B.     Reasonableness of the Fee Award

To ensure that contingency fees are employed fairly in social security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id.* at 852-53 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)) (quotation marks omitted). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement."

---

[4] Even if the date of receipt of the NOA was deemed to be April 28, 2023—*i.e.*, three days after mailing, rather than six days after mailing—the motion would still have been timely filed.

4

*Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021) (citing *Wells*, 907 F.2d at 371).

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808) (cleaned up).

Here, as the Commissioner notes, counsel's requested fee of $27,000 "is not greater than 25% of Plaintiff's past due benefits," Def.'s Resp. at 4,[5] and further, there is no evidence or suggestion of fraud or overreaching in the negotiation of the fee agreement. *Id.*

The Court turns next to the reasonableness factors. First, the requested fee, comprising less than 25 percent of Plaintiff's past-due benefits award, *see* NOA at 3, is in accordance with the character of the representation and the results achieved. As a direct result of bringing this action to challenge the denial of benefits, Mr. Fusco was able to achieve a successful result for his client following this Court's remand of the case to the SSA for further administrative proceedings. Back before the SSA, Plaintiff was granted additional hearings before ALJ Katz,

---

[5] The combined total of Section 406(b) fees requested in this action and the 2015 Action is $36,720 ($27,000 + $9,720); this is still less than the 25 percent of Plaintiff's past-due benefits withheld by the SSA ($38,942.25). *See* NOA at 3.

who found Plaintiff to be disabled and entitled to receive benefits. ECF 44-2; *see, e.g.*, *Shrack v. Saul*, No. 16- cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (finding that where "the plaintiff received a fully favorable result upon remand," fee was in line with character of representation and results achieved).

Second, while there was a meaningful period of delay in this action between the initiation of the lawsuit and the filing of Plaintiff's motion for judgment on the pleadings, this was due to a range of problems associated with the Covid-19 pandemic and Mr. Fusco's own substantial (non-Covid) health issues during this same period. *See* ECF No. 29; Mem. in Supp. at 11 & n.4. None of this delay was due to a lack of diligence or effort on the part of Mr. Fusco, and the Court has no concern that the delay was in any way designed to allow Mr. Fusco or his firm to profit from the accumulation of benefits during the period of delay. Once Mr. Fusco was able to resume work on the matter, he did not cause any unreasonable delay in the timing of his submissions to the Court. While the decision to refuse the Commissioner's offer of a remand in October 2020 in favor of continued litigation also resulted in a measure of "delay" in Plaintiff's receipt of benefits, *see* Mem. in Supp. at 3; ECF No. 44-3 ("Time Records") at 7 (time entries for 10/1/2020, 10/29/2020), this also was not an effort to slow the pace of the case to increase the potential attorney's fee recovery, and after the decision to refuse the remand, Mr. Fusco did not request any additional extensions of time to complete his submissions to the Court. In sum, the Court finds that nothing about counsel's conduct in this case makes an award of attorney's fees unreasonable.

Third, with respect to the so-called "windfall" factor, counsel's requested fee of $27,000 is not inappropriately large in light of the 85.5 hours that counsel reports having devoted to the

6

case and the successful result that was achieved. *See generally* Time Records.[6] For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

Here, Mr. Fusco has worked for decades on Social Security disability cases at both the federal and administrative levels, and certainly possesses the requisite ability and expertise in this field. *See* ECF 46-4 (Fusco *curriculum vitae*). Mr. Fusco's work on this matter in federal court included the drafting of the complaint, the review of a 1,000-page administrative record, and the drafting of both moving and reply memoranda of law, which eventually resulted in a decision and order from the Court directing a remand of the case. *See* ECF No. 27 (Administrative Record); D&O; Time Records.

Courts within the Second Circuit generally and routinely endorse 20-40 hours for work performed by counsel in Social Security disability cases. *See Caraballo v. Comm'r of Soc. Sec.*, No. 19-cv-10395 (AEK), 2023 WL 1777325 (S.D.N.Y. Feb. 6, 2023); *see also Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022). Plaintiff's counsel's 85.5 hours of work falls substantially outside this range, without sufficient explanation for why

---

[6] As Mr. Fusco acknowledges in his memorandum of law, the attorney time records incorrectly state a total of 86.5 hours worked, rather than the correct total of 85.5 hours. Mem. in Supp. at 12; *see* Time Records at 10. While the vast majority of the hours recorded in the Time Records (81.8) are attributed to work performed by Mr. Fusco, Mr. Fusco's partner, John Hewson, Esq., also worked on the matter for a total of 3.7 hours. *See* Time Records. A *de minimis* amount of time—.3 hours—for work performed by a paralegal was excluded from counsel's calculation of the total amount of time spent on work in this case. *Id.* at 1; *see* Mem. in Supp. at 12.

so much additional time was required. While the administrative record was lengthy and the procedural history of the matter was more complicated than in many appeals of administrative decisions by the SSA, the issues presented were not so complicated as to warrant such an extraordinary expenditure of time. These factors, combined with some of the physical and professional limitations described by Mr. Fusco, would have justified an expenditure of 40 hours, and perhaps even slightly more than the high end of the standard range, but not 85.5 hours of attorney time. That said, the fee award sought is not inordinately large, and is still less than 25 percent of the amount of Plaintiff's past-due benefits. Moreover, this Court has no reason to believe that Plaintiff is in any way unsatisfied with the results of counsel's representation. Plaintiff was awarded $110,321.05 in past-due benefits, and was found eligible for $2,658 per month in benefits going forward. *See* NOA at 2; *Bass*, 2022 WL 1567700, at *5 (finding that counsel's success in advocating on behalf of plaintiff "militate[s] in favor of approving" fee request). Further, given that Plaintiff did not secure benefits until after he had briefed the issues in this Court, it is apparent that a favorable outcome was uncertain. *See Fields*, 24 F.4th at 856 ("A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern really is about."). In these types of circumstances, contingency agreements, like the one at issue here, present risks of non-payment—"payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk." *Id.* at 855-56 (quotation marks omitted). The award amount sought here appropriately reflects that risk.

Turning to the *de facto* rate—which is not dispositive, *see id.* at 854—even if Mr. Fusco had spent only 40 hours of time on this case, his *de facto* rate would be $675 per hour ($27,000

8

for 40 hours worked). This rate is well within the range of *de facto* hourly rates approved by courts within this Circuit, and is substantially less than the $1,556.98 *de facto* hourly rate approved by the Second Circuit in *Fields*. *See id.* at 854-57. None of these factors indicate that the award requested by Mr. Fusco would constitute a "windfall."

However, "counsel's failure to timely file an EAJA application has been well-recognized by courts of this Circuit as a factor that weighs on the determination of whether an attorney's fee application under § 406(b) is reasonable." *George A. v. Comm'r of Soc. Sec.*, 20-cv-1007 (EAW), 2023 WL 2480572, at *2 (W.D.N.Y. Mar. 13, 2023). "While an attorney is by no means required to apply for EAJA fees in every case, his [or her] failure to do so in certain cases may bear on the reasonableness of any future fee he [or she] requests under the [Social Security Act]." *Gallo v. Astrue*, No. 10-cv-1918 (JG), 2011 WL 5409619, at *2 (E.D.N.Y. Nov. 8, 2011). Courts in this Circuit have found that when a plaintiff's counsel fails to file a request for EAJA fees, and then subsequently files a request for Section 406(b) fees, counsel has harmed the client because the client would have been entitled to the lesser of the two fee awards if both were granted. *Blair v. Colvin*, No. 11-cv-404 (GLS) (GHL), 2014 WL 3891321, at *1 (N.D.N.Y. Aug. 7, 2014); *see Gisbrecht*, 535 U.S. at 796 (while fee awards may be made under both EAJA and Section 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee") (cleaned up). "Where an EAJA application would have succeeded, each dollar that would have awarded [*sic*] under the EAJA (up to the amount requested under the [Social Security Act]) is a dollar the claimant should receive but does not." *Gallo*, 2011 WL 5409619 at *2. "A successful application for EAJA fees saves the plaintiff money, and if the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error." *Blair,* 2014 WL 3891321, at *1 (cleaned up).

9

With respect to a potential EAJA application, there is no dispute that Plaintiff was a prevailing parting in this action, even though he did not receive the precise relief that he sought through motion practice. *See Finch v. Saul*, No. 17-cv-892 (OTW), 2020 WL 1940308 at *2 (S.D.N.Y. Apr. 22, 2020) ("A litigant who has received a remand is a prevailing party."); *Gallo*, 2011 WL 5409619 at *3 ("The Supreme Court has made clear that a claimant who has obtained a [42 U.S.C. § 405(g)] sentence-four remand is a 'prevailing party' for purposes of the EAJA and is eligible to apply for EAJA attorney's fees.") (citing *Shalala v. Schaefer,* 509 U.S. 292, 300-02 (1993)); *Schroeder v. Barnhart*, No. 98-cv-6152 (WHP), 2002 WL 31452428, at *3 (S.D.N.Y. Jan. 22, 2002) (finding that Plaintiff was prevailing party based on remand after briefing, even where Plaintiff previously rejected Commissioner's offer to stipulate to remand).  Plaintiff is correct that it would not have been appropriate to seek EAJA fees for the totality of the work that Mr. Fusco performed in this case, given that the D&O "implicitly endorsed the government's position (to remand) and rejected [Plaintiff's] position (to reverse)." Mem. in Supp. at 10; *see also id.* at 3-4.  But here, the Commissioner was prompted to offer to enter into a stipulation to remand the matter for further administrative proceedings on October 1, 2020, only after having received Plaintiff's opening brief—and after Mr. Fusco had invested more than 60 hours of work in this litigation.  Def.'s Resp. at 6-7; *see* Time Records at 1-7.  Accordingly, Plaintiff would have had a colorable claim to recover fees and expenses pursuant to the EAJA for the work performed by Mr. Fusco prior to the offer of remand, even if he would not have been able to recover such fees and expenses for work performed after the offer of remand. *See McKay v. Barnhart*, 327 F. Supp. 2d 263, 269 (S.D.N.Y. 2004) (deciding a motion for fees pursuant to the EAJA, and finding that while plaintiff could "not recover fees and expenses incurred after the

Government's offer to remand, an award of attorney's fees and costs incurred *prior* to the Government's offer to remand is appropriate" (emphasis in original) (collecting cases)).

In short, the proper course of action in this case would have been for Mr. Fusco to seek fees and expenses pursuant to EAJA for the work he performed prior to October 1, 2020. While a request for EAJA fees covering 60 hours of work would likely have been considered unreasonable, Mr. Fusco almost certainly would have succeeded in obtaining an award of EAJA fees covering up to at least 40 hours of work had he made such an application. *See Bass*, 2022 WL 1567700, at *4 (20-40 hours "reasonable" amount of time expended in typical SSA appeal in federal court). Employing the 2020 EAJA hourly rate for this region, which was $212.40, *see* Def.'s Resp. at 7; *Garcia v. Comm'r of Soc. Sec.*, No. 20-cv-7201 (AEK), 2022 WL 1684280 (S.D.N.Y. May 26, 2022),[7] the EAJA fee award that could have been recovered totals $8,496 ($212.40 x 40 hours).

Accordingly, based on these additional considerations, the full Section 406(b) fee award of $27,000 requested by Mr. Fusco would not be reasonable in this case. Rather, the award must be reduced by the amount of EAJA fees that almost certainly would have been awarded to Mr. Fusco had he applied for them. *See Gallo*, 2011 WL 5409619 at *3 (Section 406(b) fee awarded by the court was the difference between the requested amount and "the maximum amount that [counsel] could have received had he successfully applied for EAJA fees"). Therefore, the Court finds that an award of $18,504 ($27,000 - $8,496) is reasonable.

---

[7] The Court notes that although the work on this case began in 2019, over 50 hours of the approximately 60 hours of time spent before the offer of a stipulated remand was made occurred in 2020. *See* Time Records at 1-7. Therefore, in conducting this analysis, it is appropriate to consider the 2020 hourly rate recoverable under the EAJA.

11

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees (ECF No. 44) is GRANTED IN PART, and Mr. Fusco is awarded $18,504.

Dated: July 5, 2023
      White Plains, New York

                            **SO ORDERED**.

                            ANDREW E. KRAUSE
                            United States Magistrate Judge